**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**John CAMPBELL, Defendant–
Appellant.**

No. 00–4160.

United States Court of Appeals,
Sixth Circuit.

Dec. 11, 2001.

Before MERRITT, CLAY, and
GILMAN, Circuit Judges.

*ORDER*

John Campbell, proceeding through counsel, appeals a district court order revoking his term of supervised release and sentencing him to a term of incarceration. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On December 15, 1997, Campbell pleaded guilty to counterfeiting in violation of 18 U.S.C. § 471. He was sentenced to 16 months in prison and 3 years of supervised release. After completing his sentence of incarceration, Campbell began serving his term of supervised release on April 30, 1999. A probation officer advised the district court on December 6, 1999, that Campbell had been arrested for possessing approximately 110 pounds of marijuana with the intent to distribute and had thus violated the conditions of supervised release. Campbell was then convicted by a jury on May 31, 2000, and was sentenced to ten years in prison on September 7, 2000. On September 14, 2000, the district court conducted a revocation hearing, at which Campbell admitted to his conduct for the purposes of the hearing. The district court accordingly revoked Campbell's release and sentenced him to 24 months in prison, to be served consecutively to his felony marijuana sentence. It is noted that Campbell's appeal from his felony marijuana conviction is currently pending before this court in Case No. 00–4134.

Campbell initially proceeded pro se on appeal and filed a brief, challenging his felony marijuana conviction and sentence. Counsel was thereafter appointed. Counsel has filed a brief with this court and also a motion to withdraw pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After review of the

entire record, counsel determined that there were no meritorious grounds for appeal, but nonetheless raised issues concerning Campbell's plea and sentence for counterfeiting, the sufficiency of the factual basis for the revocation of his supervised release, the propriety of the new sentence, and whether Campbell can challenge his felony marijuana conviction in this action. Campbell was notified of his right to respond to his attorney's *Anders* brief, but no response has been received by this court.

Upon review, we conclude that counsel's motion to withdraw must be granted as counsel has filed an acceptable *Anders* brief.

We decline to review any issues concerning Campbell's plea and sentence for counterfeiting. As Campbell neither sought a direct appeal from his counterfeiting conviction nor filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence, he has forfeited his opportunities to challenge the underlying conviction and sentence. *See United States v. Cofield,* 233 F.3d 405, 407 (6th Cir.2000), *cert. denied,* —— U.S. ——, 121 S.Ct. 1424, 149 L.Ed.2d 364 (2001).

Next, we conclude that the district court did not abuse its discretion by revoking Campbell's term of supervised release as he stipulated to violating the conditions of his supervised release. *See* 18 U.S.C. § 3583(e)(3); *United States v. Lowenstein,* 108 F.3d 80, 85–86 (6th Cir.1997). The court likewise did not abuse its discretion when imposing the sentence. *See United States v. Washington,* 147 F.3d 490, 491 (6th Cir.1998). The record established that the district court properly considered both the Sentencing Guidelines and the required statutory factors. *See United States v. McClellan,* 164 F.3d 308, 309 (6th Cir.1999). The district court imposed a sentence at the low end of the guideline range of 24 to 30 months because the court was limited by the statutory maximum of 24 months set forth at 18 U.S.C. § 3583(e)(3).

Finally, we decline to consider Campbell's pro se issues challenging his felony marijuana conviction as the conviction is currently under appeal in Case No. 00–4134, and no reason exists for considering these issues outside the normal appellate process. *See Cofield,* 233 F.3d at 407.

We have reviewed the record in this case and have discovered no other colorable issues for appeal.

Accordingly, counsel's motion to withdraw is granted, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.