**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jerry FLANORY, Defendant–Appellant.**

**No. 01–1440.**

United States Court of Appeals,
Sixth Circuit.

Sept. 3, 2002.

Before NELSON, COLE, and CLAY, Circuit Judges.

## OPINION

COLE, Circuit Judge.

Defendant–Appellant Jerry Flanory appeals the district court's judgment revoking his term of supervised release and reincarcerating him for twenty-four months, pursuant to 18 U.S.C. § 3583, after finding

that Flanory violated a condition of his release. Flanory admitted in the district court that he violated the condition of his release that he commit no further crimes. On appeal from the revocation proceeding, Flanory: (1) challenges his underlying federal conviction, for making a false statement in the acquisition of a firearm, in violation of 18 U.S.C. § 922(a)(6); (2) claims that Congress exceeded its powers under the Commerce Clause by allowing courts to revoke a federal term of supervised release where a defendant commits only a state or local offense; and (3) contends that the district court abused its discretion in revoking his supervised release. For the following reasons, we **AFFIRM** the judgment of the district court.

## I. STATEMENT OF FACTS

### A. Procedural History

A federal grand jury indicted Flanory on October 22, 1993, charging him with (1) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); and (2) making a false statement in the acquisition of a firearm, in violation of 18 U.S.C. § 922(a)(6). In January 1996, pursuant to a Rule 11 plea agreement, Flanory pleaded guilty to count two. On May 7, 1996, Flanory was sentenced to 60 months imprisonment and a three-year term of supervised release. His sentence also prohibited him from committing another federal, state, or local crime while on supervised release.

Within twenty-four hours of his release from prison, Flanory assaulted another person, and subsequently was convicted in state court of assault with intent to do great bodily harm less than murder. The district court on March 13, 2001 revoked Flanory's supervised release term and ordered him to serve two years in prison as a result of his state conviction. Flanory filed this timely notice of appeal.

### B. Substantive Facts

On December 31, 1992, Flanory purchased a rifle from a federally licensed firearms dealer in Flint, Michigan. As part of that process, Flanory was asked to fill out a government form (A.T.F. Form 4473) related to his background. Question Eight on the form asked,

Have you been convicted in any court of a crime punishable by imprisonment for a term exceeding one year? (Note: A "yes" answer is necessary if the judge could have given a sentence of more than one year. A "yes" answer is not required if you have been pardoned for the crime or the conviction has been expunged or set aside, or you have had your civil rights restored and, under the law where the conviction occurred, you are not prohibited from receiving and possessing any firearm.)

Flanory initially marked "yes" on the form, but then scratched it out and answered "no."

Flanory later pleaded guilty in federal court to making a false statement during the acquisition of a firearm and served five years incarceration. Flanory did not appeal either the conviction after his plea of guilty or the five-year sentence. Flanory's supervised release period began on April 6, 2000. The next day, he struck Harlis Washington in the head and face approximately five times with a wine bottle. Upon being questioned by officers, Flanory admitted that he had consumed two beers but denied assaulting Washington. Flanory was convicted in state court for assault with intent to do great bodily harm less than murder stemming from this incident.

As a result of the state conviction, the district court issued a supervised release violation warrant at the request of a fed-

eral probation officer. On March 13, 2001, the district court held a hearing to consider revocation of Flanory's supervised release status. At the hearing, Flanory admitted that he violated his supervised release term by assaulting Washington, but argued that his underlying 60–month sentence was illegal. He also argued that two state court convictions were improperly used to enhance his sentence for the § 922(a)(6) conviction.

In May 1997, Flanory filed a motion to vacate, set aside or correct his federal sentence, pursuant to 28 U.S.C. § 2255, contending that he had received ineffective assistance of counsel and his guilty plea was not knowing and voluntary. In June 1997, Flanory filed a motion to withdraw his § 2255 motion. The motion was granted.

In December 1997, Flanory filed a motion to reinstate his § 2255 motion. In June 1998, Flanory filed a motion to expedite the proceeding or, in the alternative, for relief from judgment pursuant to Rule 60(b). The district court denied the § 2255 motion as being untimely and denied the Rule 60(b) motion as well. Flanory filed a motion to reconsider the district court's order, which was denied on October 22, 1998. Flanory filed a motion seeking reconsideration of the court's decision on the October 22, 1998 motion, which also was denied. After filing several other motions relating to his conviction and sentence, Flanory filed an "actual innocence claim" under 28 U.S.C. § 2255(4). Because this was Flanory's second § 2255 motion, and it was filed in the district court without authorization, the district court transferred the motion to this Court. In March 2000, we denied permission to file a successive petition. In April 2000, Flanory filed an actual innocence claim

under 28 U.S.C. § 2241, which the district court ultimately denied on the merits.

## II. DISCUSSION

### A. Whether Flanory's underlying conviction for making a false statement in the acquisition of a firearm violated the *ex post facto* clause or was invalid because Flanory lacked the intent to commit the offense.

Flanory first challenges his underlying conviction for violation of 18 U.S.C. § 922(a)(6). He argues that he could not be convicted of the underlying offense of making a false statement in acquiring a firearm because that conviction was based on an unconstitutional *ex post facto* application of Michigan law. Consequently, he contends that because he could not have been found guilty for the underlying conviction, he should not be serving a sentence for violation of the terms of his supervised release imposed as a result of an illegal conviction. He also submits that he lacked the intent required for conviction under § 922(a)(6).

Flanory cites no authority for the proposition that he may collaterally attack his original conviction or sentence on an appeal from the revocation of supervised release. The weight of authority suggests that he should not be allowed to do so. *See, e.g., United States v. Almand,* 992 F.2d 316, 317 (11th Cir.1993) (explaining that "[a] sentence is presumed valid until vacated under § 2255," which is the exclusive means for challenging the validity of a sentence); *United States v. Simmons,* 812 F.2d 561, 563 (9th Cir.1987) (refusing on an appeal from revocation of probation to consider a challenge to the underlying conviction that resulted in the probation; defendant should attack guilty plea leading to the original conviction in a § 2255 pro-

ceeding and for purposes of probation revocation, the underlying conviction should be treated as unquestioned).

In several unpublished opinions, we also have indicated that the proper means by which a defendant may collaterally attack a conviction is on direct appeal from the original conviction or in a § 2255 proceeding, and not on an appeal from the revocation of supervised release. *See, e.g, United States v. Campbell,* 25 Fed.Appx. 284, at 284 (6th Cir.2001) (refusing on appeal from an order revoking supervised release to consider issues related to the defendant's original conviction for counterfeiting because defendant neither filed an appeal from that conviction nor filed a § 2255 motion to set aside that conviction) (citing *United States v. Cofield,* 233 F.3d 405 (6th Cir.2000)); *United States v. Dorsey,* 181 F.3d 104, at —— (6th Cir.1999) (holding on appeal from an order revoking supervised release that issues regarding the validity of the underlying guilty plea were not properly before the court).

In *Cofield,* the defendant appealed the revocation of his supervised release, imposed after an earlier conviction for wire fraud. 233 F.3d at 406. The defendant argued that the district court was without authority to revoke his supervised release because the court improperly imposed the supervised release term at his original sentencing. *Id.* However, the defendant failed to object to his sentence after the district court issued its original written judgment, did not raise the issue on direct appeal, and failed to present the argument in his § 2255 motion. *Id.* at 407. *Cofield* therefore held that the defendant had waived the opportunity to challenge his originally imposed sentence, including his supervised release. *Id.; accord Almand,* 992 F.2d at 317–38. To the extent that Flanory wishes to challenge his underlying conviction for the § 922(a)(6) violation, he

should have done so on direct appeal or in his § 2255 motions. This proceeding is not the proper forum for Flanory to rehash arguments regarding the validity of his underlying conviction.

Accordingly, we hold that Flanory may not attack his original or underlying conviction and sentence for violation of 18 U.S.C. § 922(a)(6) in this appeal.

**B. Whether Congress exceeded its authority under the Commerce Clause when it mandated, pursuant to 18 U.S.C. § 3583(d), that a condition of supervised relief be that a defendant commit no state or local crimes.**

Flanory's argument that Congress exceeded its authority under the Commerce Clause by allowing federal courts to revoke supervised release terms for a state or local offense was not raised below, which generally constitutes a waiver of an issue for purposes of appeal. *See United States v. Chesney,* 86 F.3d 564, 567 (6th Cir.1996) (holding that defendant's failure to challenge the constitutionality of 18 U.S.C. § 922(g)(1) on Commerce Clause grounds would normally constitute waiver of the issue on appeal).

■ However, this Court may exercise its discretion in "exceptional cases or particular circumstances or when the rule would produce a plain miscarriage." *Id.* at 568 (citation and internal quotation marks omitted). Flanory presents no such special circumstances in this case to merit our review, and he fails to argue that a failure to review the issue would result in a plain miscarriage of justice. *See id.* (holding that court would review the Commerce Clause issue because a special circumstance existed—the Supreme Court decided a case after the district court entered judgment that might have bearing on the Commerce Clause issue). Other than the

fact that he now has different counsel on appeal, Flanory does not explain why we should review his Commerce Clause argument or why it was not raised below.

Accordingly, there is no basis for us to review Flanory's argument that Congress exceeded its authority under the Commerce Clause by allowing federal courts to revoke supervised release terms because a defendant committed a state or local offense.

**C. Whether the district court abused its discretion in revoking Flanory's term of supervised release.**

### 1. STANDARD OF REVIEW

We review the district court's sentence upon revocation of a defendant's supervised release for an abuse of discretion. *United States v. Washington*, 147 F.3d 490, 491 (6th Cir.1998).

### 2. ANALYSIS

Flanory raises two challenges regarding the revocation of his supervised release. He first argues that the district court committed clear error by revoking the supervised release term. He contends that the two-year re-incarceration term was grossly excessive, considering the facts of his case, and that his re-incarceration runs afoul of the Double Jeopardy Clause because he has now been punished twice for the same state law offense. Next, Flanory contends that the district court failed to fulfill Congressional intent by revoking his supervised release, because when the statute was first enacted in 1983, it did not expressly provide for revoking a term of supervised release if the defendant violated a condition of that release.

■ Flanory's arguments lack merit. Flanory relies on *United States v. Stephenson*, 928 F.2d 728 (6th Cir.1991), to support his claim that the district court abused its discretion in revoking his supervised release term. In that case, the district court revoked defendant's supervised release term after he had been arrested for assault and drinking alcohol in his residence. *Id.* at 730. *Stephenson* noted that the district court had abused its discretion because the record offered little proof regarding the assault. *Id.* at 731. The only evidence presented at the revocation hearing pertaining to the assault was the probation officer's testimony that the defendant had been arrested for the crime. *Id.*

In contrast, Flanory admitted at his revocation hearing that he violated a term of his supervised release by attacking Washington. Flanory also admitted that as a result of this attack, he was convicted of assault with intent to do great bodily harm less than murder and received a one-year prison sentence. Flanory opted not to challenge these allegations, even though the district court explained to him that the government had the burden to prove that he had violated a condition of his supervised release, and that he had the right to take the stand and testify on his own behalf. He instead chose to admit to the violation and state conviction, and give up his right to an evidentiary hearing. This case is distinguishable from *Stephenson* because Flanory here admitted to the violation and subsequent state conviction.

Further, a district court may revoke a term of supervised release after considering several factors in 18 U.S.C. § 3553. *See United States v. Washington*, 147 F.3d 490, 491 (6th Cir.1998). A district court's statutory mandate is satisfied if its explanation of the sentence makes it clear that it considered the required factors. *Id.* There is no "requirement that the district court make specific findings relating to each of the factors considered." *Id.*

Pursuant to the United States Sentencing Guidelines ("U.S.S.G." or "Guide-

lines"), Flanory committed a Grade A violation (a crime of violence punishable by a term of imprisonment exceeding one year), and with his criminal history category (IV), his recommended sentencing range was 24 to 30 months. *See* U.S.S.G. § 7B1.1(a) (defining grades of supervised release violations); U.S.S.G. § 7B1.4(a) (Revocation Table); *see also* MICH. COMP. LAWS § 750.84 (term of imprisonment for intent to do great bodily harm less than murder is punishable by a term of imprisonment not to exceed ten years). Upon revocation of his supervised release, Flanory was sentenced to twenty-four months in federal prison, after the district court explained that it was imposing the sentence because of the type of crime involved, the fact that it occurred only a day of Flanory's release from prison, and Flanory's extensive criminal history. *See* 18 U.S.C. § 3583(e) (explaining that court should consider several factors in § 3553 before revoking supervised release); 18 U.S.C. § 3553(a)(1) (explaining that factors to consider include circumstances of the offense, history of defendant and need to protect the public from further crimes of the defendant). Flanory has failed to show that the district court abused its discretion by revoking his supervised release or by imposing a two-year term of incarceration, as recommended by the Guidelines. *Washington*, 147 F.3d at 491–92; *United States v. Webb*, 30 F.3d 687, 688–89 (6th Cir.1994) (explaining that Sentencing Guidelines provide non-binding policy statements regarding terms of imprisonments following revocation of supervised release).

■ Further, no double jeopardy concerns are implicated as the re-incarceration was not attributable to the new state criminal offense, but rather is attributable to the original conviction. *Johnson v.*

*United States*, 529 U.S. 694, 700–01, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000).

■ Finally, Flanory's argument that the district court's revocation of supervised release runs afoul of Congressional intent lack merit. Flanory points out that the primary goal of supervised release is to "assist individuals in their transition to community life." *United States v. Johnson*, 529 U.S. 53, 59, 120 S.Ct. 1114, 146 L.Ed.2d 39 (2000). However, this does not mean that a district court cannot revoke supervised release where it finds that, based on a defendant's conduct, he is not ready to make this transition. Congress intended that in appropriate circumstances courts could revoke supervised release terms, or it would not have imposed conditions on supervised release—expressly giving courts the authority in proper cases to revoke a defendant's supervised release term and to re-incarcerate the defendant. *See* 18 U.S.C. § 3583(e)(3), (g).

Accordingly, we conclude that the district court did not abuse its discretion by revoking Flanory's supervised release term, and did so only after finding that Flanory had violated a condition of his supervised release.

## III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court.