**UNITED STATES of America,**
**Plaintiff,**

v.

**Clinton GREENE, Defendant.**

**No. CIV.A. 2:95–00097.**

United States District Court,
S.D. West Virginia.
Charleston Division.

June 21, 2002.

Monica K. Schwartz, AUSA, United States Attorney's Office, Charleston, WV, for the Government.

Herbert L. Hively, II, Hurricane, WV, for Defendant.

### MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is the parties' briefing with respect to the applicability of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) to certain potential penalties faced by Defendant in the midst of a petition to revoke his supervised release for the second time.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On June 12, 1995 Defendant was stopped by officers of the Metro Drug Unit as he was entering Orchard Manor Village. A search revealed he was in possession of 804 grams of cocaine base. On July 12, 1995 the Government charged Defendant with violating 21 U.S.C. § 841(a)(1). The Government alleged Defendant possessed with intent to distribute an unspecified amount of cocaine base on or about June 12, 1995. A jury convicted Defendant on September 27, 1995.

The offense of conviction resulted in the attribution to Defendant of 804 grams of cocaine base. At sentencing on January 16, 1996 the Court determined a Total Offense Level of 34. Defendant's Criminal History Category was II. The sentencing table thus called for an imprisonment range of 168 to 210 months imprisonment. Defendant was sentenced to 168 months in prison and a five-year term of supervised release.

According to 21 U.S.C. § 841(b)(1)(A), the penalties to which Defendant was subject at the time of his offense were: (1) imprisonment for at least ten years and not more than life; (2) a $4,000,000.00 fine; and (3) a supervised release term of five years, among other penalties. Defendant did not object to these sentencing options, which appeared within the presentence report. According to 18 U.S.C. § 3559(a)(1), where the maximum term for an offense is life imprisonment, an offense is classified as a Class A felony.[1]

Title 18 U.S.C. § 3583(e) governs the modification of conditions or revocation of supervised release. Subsection (3) provides the Court may revoke a term of supervised release:

> except that a defendant whose term is revoked under this paragraph may not be required to serve more than *5 years in prison if the offense that resulted in the term of supervised release is a class A felony,* more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case[.]

18 U.S.C. § 3583(e)(3) (emphasis added).

The Guidelines provide under the Policy Statement in Section 7B1.4(a)(2) that where a Defendant was on supervised release as a result of a sentence for a Class A felony and has a Criminal History Category of II, the advisory range for revocation is 27 to 33 months imprisonment.

On August 2, 1996 the Court reduced Defendant's sentence pursuant to *Rule 35(b), Federal Rules of Criminal Procedure.* Defendant was resentenced to 84

---

1. A typographical error on the front page of the PSR suggested a Class B felony was at issue. This is of no moment given the PSR correctly stated statutory maximums applicable to Defendant.

months imprisonment, with credit for time served, and a supervised release term of five years.

On October 6, 2000 the Court held a hearing on a prior petition to revoke Defendant's supervised release term. Defendant admitted the violations alleged by the Probation Officer. The Court sentenced Defendant to a term of ten months imprisonment followed by a 26 month term of supervised release.

The instant petition to revoke alleges, *inter alia,* Defendant's Grade A violation of supervised release. Based on the statutes and Guideline discussed *supra,* a Grade A violation and a Criminal History Category of II yields a Guidelines custody range of 27 to 33 months. Pursuant to *United States v. Davis,* 53 F.3d 638 (1995), however, and awarding Defendant the credit required by the Court of Appeals' decision in *United States v. Maxwell,* 285 F.3d 336 (4th Cir.2002), he is subject to a maximum *statutory* term of imprisonment upon revocation of 50 months.

Defendant's position is a bit schizophrenic. At first, he admits his "original conviction was a Grade A felony which carries 60 months of supervised release." (*See* Def.'s Mem. in Supp. ¶ 12.) He further appears to concede a revocation sentence in some combination totaling 50 months (the 60 month maximum under Section 3583(e)(3) less the 10 months imprisonment served following the first revocation) would be lawful. (*Id.*) In the alternative, however, Defendant asserts that, in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the lack of a specified quantity in the indictment requires that his original conviction be treated as one pursuant to Section 841(b)(1)(C), which calls for a twenty year maximum sentence. The twenty-year maximum is the lowest applicable maximum listed under the quantity-varying penalties of Section 841(b). The signifi-

cance of such treatment would be that Section 3583(e) would operate to limit the maximum term on revocation to 24 months rather than 60 months, less, of course, the amount of time Defendant already served following the first revocation.

## II. DISCUSSION

Defendant's first argument is easily dispatched. Specifically, Defendant notes he was sentenced following his first revocation to 10 months imprisonment and a new, 26 month term of supervised release. He asserts the Court is limited to a sentence of imprisonment on the second revocation of 26 months, to be followed by a supervised release term of no more than 24 months. While not spelled out, the combination of 26 months and 24 months would result in a total sentence of 50 months, presumably the 60 month maximum under Section 3583(e)(e) less the 10 month term of imprisonment served following the first revocation.

The difficulty with this argument is that it has no basis in Section 3583(e), the governing statute. It also appears foreclosed by the Supreme Court's observation in *Johnson v. United States,* 529 U.S. 694, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000), that "postrevocation penalties [imposed under 18 U.S.C. § 3583] relate to the *original* offense," *id.* at 701, 120 S.Ct. 1795, and do not "impose[ ] punishment for defendants' new offenses for violating the conditions of their supervised release," *id.* at 700, 120 S.Ct. 1795. (internal quotation marks omitted). The proper focus in imposing a second revocation sentence of imprisonment is not the additional term of supervised release imposed after the first revocation, but rather the statutory maximum sentence reflected in Section 3583(e)(3) as a result of the classification of the original offense.

On the other hand, Defendant's *Apprendi* argument is somewhat novel. It does

not appear any federal court has yet spoken on the question in any depth. The Honorable John T. Copenhaver, Jr. recently addressed the identical argument, but certain facts present in that case arguably distinguish it from the instant case. *See and compare United States v. Fazio*, No. 2:95–00053 (S.D.W.Va. Jun. 4, 2002). Judge Copenhaver resolved the case primarily on waiver grounds not applicable here.

Were the Court to sustain the *Apprendi* argument, however, it would in effect be granting collateral relief on an issue Defendant failed to raise (1) at sentencing; (2) on direct appeal; or (3) in a properly filed Section 2255 motion seeking reclassification of his crime as a Class C, rather than a Class A felony. Although unpublished, the Court finds compelling the recent analysis of Judge Traxler in a very similar case:

> Under the law at the time Simpson pled guilty, Simpson could have received a maximum sentence of life in prison even though no drug quantity appeared in the information to which he pled guilty. There is no question that the normal force and effect of Simpson's having pled guilty to an offense with a maximum punishment of life imprisonment was to make him a Class A felon for purposes of revocation proceedings. *See* 18 U.S.C.A. §§ 3559(a)(1), 3583(e)(3) (West 2000). Now, in a proceeding that has an independent purpose other than to overturn his original sentence, Simpson seeks to deprive that sentence of its normal force and effect by arguing that it violated *Apprendi*. That is the very definition of a collateral attack. *See Parke v. Raley*, 506 U.S. 20, 30, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992) ("Respondent, by definition, collaterally attacked his previous convictions; he sought to deprive them of their normal force and effect in a proceeding that had

an independent purpose other than to overturn the prior judgments."). Federal sentences, however, are not subject to collateral attack by such means. Rather, "[t]he exclusive remedy for testing the validity of a ... [federal] sentence, unless it is inadequate or ineffective" is a motion under 28 U.S.C.A. § 2255 (West Supp.2001). *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996). *See also, e.g., Carmine v. United States*, 974 F.2d 924, 927 (7th Cir.1992) ("Section 2255 is the proper vehicle for collaterally attacking the validity of a ... [federal] sentence."). The bigger problem for Simpson, however, is not that he is attempting to collaterally attack his sentence by the wrong means, but that defendants may not collaterally attack their sentences on *Apprendi* grounds, *see United States v. Sanders*, 247 F.3d 139, 146 (4th Cir.2001) (holding that *Apprendi* does not apply to cases on collateral review), which is effectively what Simpson is attempting to do.

*United States v. Simpson*, No. 00–4929, 2001 WL 1627635, at *3 (4th Cir. Dec.19, 2001)(Traxler, J., concurring in part); *see also Fazio*, slip op. at 7 ("Moreover, the attack now is a collateral one to which *Apprendi* does not retroactively apply and it is untimely in that it comes more than one year since the order under attack became final.").

█ In sum, Defendant is seeking prohibited collateral relief under *Apprendi* without reference to the statutory prerequisites or the applicable limitations period. This Court lacks jurisdiction in a revocation proceeding to reclassify the felony offense for which Defendant was previously convicted. Accordingly, the argument must fail.