**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

LARRY JACKSON, a/k/a Eugene Johnson,

*Defendant-Appellant.*

No. 02-4940

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Joseph Robert Goodwin, District Judge.
(CR-95-183)

Submitted: March 31, 2003

Decided: April 16, 2003

Before NIEMEYER and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Mary Lou Newberger, Federal Public Defender, Edward H. Weis, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, Stephanie L. Haines, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Larry Jackson appeals the district court's sentence of nine months' incarceration following its third revocation of his supervised release. Jackson asserts that this term of incarceration exceeds the statutory maximum established by the classification of his offense. Finding no error, we affirm.

Jackson pled guilty in 1996 to conspiring to distribute unspecified quantities of cocaine base, in violation of 21 U.S.C. § 846 (2000). The district court imposed a thirty-seven month custodial sentence followed by four years of supervised release. However, following Jackson's initial release in 1997, he twice violated the terms of that supervised release, for which the district court imposed twelve months' incarceration in 1999 and nine months' incarceration in 2000. Contending he has already served an aggregate of twenty-five months in custody for his prior violations of his supervised release and citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000), Jackson alleges the nine months' incarceration the district court imposed for the third revocation exceeds the maximum of two years' imprisonment authorized for violations of a term of supervised release imposed as punishment for a Class C felony. We disagree.

Jackson's challenge incorrectly asserts he was originally sentenced for committing a Class C felony. Because the count of Jackson's indictment to which he pled guilty did not charge quantity, Jackson contends that only a sentence in accordance with § 841(b)(1)(C), which is a Class C felony, *see* 18 U.S.C. § 3559(a) (2000), was proper. Jackson's written plea agreement, however, clearly contemplated his sentencing for the Class B felony described in § 841(b)(1)(B), as it noted a potential term of incarceration of five to forty years and a supervised release term of four years. Further, evidence supporting a sentence in accordance with § 841(b)(1)(B) was

presented at Jackson's plea hearing. Hence, because felonies are classified by the relevant statutory maximum rather than the actual sentence imposed, *see United States v. Gonzalez*, 922 F.2d 1044, 1049 (2d Cir. 1991), and Jackson's guilty plea subjected him to a potential sentence of five to forty years' incarceration, the district court's imposition of a nine-month sentence following Jackson's third revocation of his supervised release was proper.*

Accordingly, we affirm Jackson's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

*Further, although we do not decide the issue today, we note several recent decisions indicating that *Apprendi* is not retroactively applicable to the revocation of a term of supervised release. *See, e.g.*, *United States v. Greene*, 206 F. Supp. 2d 811, 813-14 (S.D.W. Va. 2002).