**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
              *Plaintiff-Appellee,*

v.

RICHARD EUGENE SPEARS, a/k/a
Trashmouth, a/k/a Trash,
              *Defendant-Appellant.*

No. 02-4879

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-94-185)

Submitted: May 30, 2003

Decided: June 17, 2003

Before WIDENER and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Louis C. Allen, III, Federal Public Defender, John A. Dusenbury, Jr.,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant. Anna Mills Wagoner, United States Attorney, L. Patrick
Auld, Assistant United States Attorney, Greensboro, North Carolina,
for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Richard Eugene Spears appeals from a district court's judgment revoking his term of supervised release and imposing a sixteen-month sentence and three years of supervised release. On appeal, Spears' sole argument is that the district court erred in imposing a supervised release term of three years because it exceeds the term imposed upon his first revocation. We affirm.

In 1995 Richard Eugene Spears pled guilty to drug conspiracy in violation of 21 U.S.C. § 846 (2000) and received 72 months imprisonment and ten years of supervised release. Following his release, Spears violated certain conditions of his supervised release. In August 2001, after holding a hearing, the district court sentenced Spears to seven months imprisonment and two years of supervised release, incorporating by reference the original judgment. In July 2002, the Probation Office again petitioned the court regarding Spears' alleged violations of the conditions of supervised release. At a hearing held on October 29, 2002, the district court found that Spears had in fact violated his conditions of supervised release. The court accordingly revoked Spears' supervised release and imposed a sentence of sixteen months imprisonment and a supervised release term of three years under the same conditions previously imposed. As Spears admits, his counsel did not make an objection to the sentence imposed by the court. The district court entered another judgment and commitment order to this effect on November 21, 2002, again incorporating the initial judgment.

Spears argues that the district court erred in connection with his second supervised release revocation proceeding by imposing a term of supervised release in excess of seventeen months (i.e., the prior supervised release term of two years minus the prior prison term upon revocation of seven months). Ostensibly, Spears argues that the term

of supervised release imposed at the first revocation hearing, two years, supplanted the term of supervision imposed at the original sentencing hearing, ten years, and thereby limited the period of time that could be imposed to seventeen months in the event that the reimposed term of supervision was subsequently revoked.

Since Spears failed to object to his sentence below, his claim is reviewed for plain error. Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731-32 (1993). Four conditions must be met before this Court will notice plain error: (1) there must be error; (2) it must be plain under current law; (3) it must affect substantial rights, typically meaning the defendant is prejudiced by the error in that it affected the outcome of the proceedings; and (4) the error must seriously affect the fairness, integrity, or public reputation of judicial proceedings. *Olano*, 507 U.S. at 733-37.

In *Johnson v. United States*, 529 U.S. 694, 702 (2000), the Supreme Court determined that the validity of petitioner's sentence depended solely on whether the imposition of supervised release following reimprisonment was authorized by the former 18 U.S.C. § 3583(e) (1988 & Supp. V), because he committed the offense prior to the effective date of the amendment. *Id.* at 702-03. Spears' original offense concluded on July 24, 1994. Because Spears committed his offense prior to September 13, 1994, the applicable statute in determining Spears' post-revocation sentence is 18 U.S.C. § 3583(e)(3). This section states that a district court may:

> (3) revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release without credit for time previously served on postrelease supervision, if it finds by a preponderance of the evidence that the person violated a condition of supervised release, . . . except that a person whose term is revoked under this paragraph may not be required to serve more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony . . . .

In *Johnson*, the Supreme Court held that § 3583(e)(3) authorizes a district court to impose a period of supervised release following reimprisonment after the revocation of supervised release. *Id.* at 713. The

Court noted that § 3583(e)(3) limits the possible prison term to the duration of the term of supervised release originally imposed, and the new prison term is limited further according to the gravity of the original offense. *Id.* at 712. In this case, the court's imposition of sixteen months imprisonment and a three-year term of supervised release was less than the duration of the term of supervised release originally imposed, minus the seven months of incarceration after the first revocation, and within the statutory maximum reflected in § 3583(e)(3).

Spears contends that, because his initial term of supervised release had been revoked, at which time a new term of imprisonment and supervised release was imposed, the two years of supervised release imposed at the second revocation hearing should define the parameters of any subsequent postrevocation proceeding, and not the ten years imposed at the original sentencing. This argument is foreclosed by *Johnson*. Specifically, the *Johnson* Court stated that "postrevocation penalties [imposed under 18 U.S.C. § 3583] relate to the *original* offense." *Id.* at 701 (emphasis added). *See United States v. Fareed*, 296 F.3d 243, 247 (4th Cir.) (observing that, in *Johnson*, the Supreme Court held that post-revocation prison sentences are sentences for the original federal crime, not punishment for the violations of the terms of supervised release), *cert. denied*, 123 S. Ct. 570 (2002); *United States v. St. John*, 92 F.3d 761, 766 (8th Cir. 1996) (finding maximum period of time defendant's freedom can be restrained upon revocation of supervised release is capped by original supervised release term); *United States v. Greene*, 206 F. Supp. 2d 811, 813 (S.D.W. Va. 2002) (holding that proper focus in imposing a second revocation sentence of imprisonment is not the additional term of supervised release imposed after the first revocation, but rather the statutory maximum sentence reflected in § 3583(e)(3) as a result of the classification of the offense). We therefore conclude that the district court did not commit plain error in imposing a three-year term of supervised release at the second revocation hearing.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*