UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
         *Plaintiff-Appellee,*

v.

DERRICK RAMON SMITH, a/k/a Derek
Tyler, a/k/a Derek Calvert,
         *Defendant-Appellant.*

No. 03-4328

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Joseph Robert Goodwin, District Judge.
(CR-99-55)

Submitted: August 13, 2003

Decided: October 3, 2003

Before WILLIAMS, TRAXLER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Mary Lou Newberger, Federal Public Defender, Edward H. Weis, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, John J. Frail, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Derrick Ramon Smith appeals the district court's sentence of
thirty-six months' imprisonment following its revocation of his super-
vised release. Smith asserts that this term of incarceration exceeds the
statutory maximum established by the classification of his offense.
Finding no error, we affirm.

Smith pled guilty in 1999 to aiding and abetting the possession
with intent to distribute of an unspecified quantify of cocaine base
and marijuana, in violation of 21 U.S.C. § 841(a)(1) (2000) and 18
U.S.C. § 2 (2000). The district court imposed a thirty-seven month
custodial sentence followed by four years of supervised release. How-
ever, following Smith's initial release in 2001, he violated the terms
of that supervised release, for which the district court imposed a term
of thirty-six months' incarceration. Citing *Apprendi v. New Jersey*,
530 U.S. 466 (2000), Smith alleges the thirty-six months' incarcera-
tion the district court imposed exceeds the maximum of two years'
imprisonment authorized for violations of a term of supervised release
imposed as punishment for a Class C felony. We disagree.

Smith's challenge incorrectly asserts he was originally sentenced
for committing a Class C felony. Because the count of Smith's indict-
ment to which he pled guilty did not charge quantity, Smith contends
that only a sentence in accordance with § 841(b)(1)(C), which is a
Class C felony, *see* 18 U.S.C. § 3559(a) (2000), was proper. Smith's
written plea agreement, however, clearly contemplated his sentencing
for the Class B felony described in § 841(b)(1)(B), as it noted a poten-
tial term of incarceration of five to forty years and a supervised
release term of five years. Further, the presentence report, to which
no objections were filed, indicates a sufficient factual basis to support
a sentence in accordance with § 841(b)(1)(B). Hence, because felo-
nies are classified by the relevant statutory maximum rather than the

actual sentence imposed, *see United States v. Gonzalez*, 922 F.2d 1044, 1049 (2d Cir. 1991), and Smith's guilty plea subjected him to a potential sentence of five to forty years' incarceration, the district court's imposition of a thirty-six-month sentence following Smith's revocation of his supervised release was proper.\*

Accordingly, we affirm Smith's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

\*Further, although we do not decide the issue today, we note several recent decisions indicating that *Apprendi* is not retroactively applicable to the revocation of a term of supervised release. *See, e.g.*, *United States v. Greene*, 206 F. Supp. 2d 811, 813-14 (S.D.W. Va. 2002).