UNITED STATES of America,
Appellee,

v.

Augustus J. PACE, Appellant.

No. 338, Docket 31020.

United States Court of Appeals
Second Circuit.

Argued Jan. 16, 1967.

Decided Jan. 18, 1967.

Jon O. Newman, U. S. Atty., for Dist. of Connecticut, Hartford, Conn., for appellee.

Edward G. Burstein, Bridgeport, Conn. (Burstein & Goldman, Bridgeport, Conn., on the brief), for appellant.

Before MEDINA, ANDERSON and FEINBERG, Circuit Judges.

MEDINA, Circuit Judge:

Augustus J. Pace was to be the first prosecution witness in United States v. Piccolo on trial in the United States District Court for the District of Connecticut. Having been informed that Pace would refuse to answer questions on the ground that his answers might tend to incriminate him the trial judge excused the jury temporarily and in open court questions were put to Pace which he refused to answer. The first question was: "Do you know the defendant Frank Piccolo?" A later question, which is the basis of the contempt adjudication now before us for review, was: "Did you appear before the Grand Jury voluntarily or under subpoena?"

As the trial is still pending, and there is the possibility of a double jeopardy claim by Piccolo in the event of a mistrial, the proceedings in this Court have been expedited. After a full hearing under Rule 42(a) of the Federal Rules of

Criminal Procedure, Pace was found guilty of criminal contempt and sentenced to 90 days unconditional imprisonment. We heard the appeal from this judgment of conviction on January 16, 1967.

We hold the question, "Did you appear before the Grand Jury voluntarily or under subpoena?" is a proper question and that Pace's objection and refusal to answer on the ground that an answer might tend to incriminate him was properly overruled.

While this was not an instance of contempt proceedings against a witness who refused to testify before a Grand Jury, we think the reasoning of the Supreme Court in Harris v. United States, 382 U.S. 162, 86 S.Ct. 352, 15 L.Ed.2d 240 (1965) is applicable and we remand the case so that if the trial judge so decides proceedings may be promptly had pursuant to the provisions of Rule 42(b).

It is true that the Court in *Harris* assumes "arguendo that Rule 42 (a) may at times reach testimonial episodes * * *." The narrow holding of *Harris*, overruling Brown v. United States, 359 U.S. 41, 79 S.Ct. 539, 3 L.Ed. 2d 609 (1959) is merely that a district judge may not create a summary disposition case by calling a recalcitrant Grand Jury witness before him to reenact his contempt "in the actual presence of the Court." The Court's expression of its view of Rule 42(a), however, goes much further; it accepts the position of the dissent in *Brown* that "Rule 42(a) was reserved for exceptional circumstances." 359 U.S. at 54, 79 S.Ct. at 548 (Warren, C. J., dissenting). Summary disposition is thus available only when immediate punishment is necessary to put an end to acts disrupting the proceedings, such as threats to the judge, disturbances in the courtroom or insolence before the court. It is not a remedy to be used in a case like this where the contempt consists of no more than orderly refusal in the absence of the jury to answer a question on Fifth Amendment grounds before the taking of any testimony.

It is also worthy of note that footnote (9) in Shillitani v. United States, 384 U.S. 364, 371, 86 S.Ct. 1531, 1536, 16 L. Ed. 622 (1966), reads:

This doctrine further requires that the trial judge first consider the feasibility of coercing testimony through the imposition of civil contempt. The judge should resort to criminal sanctions only after he determines, for good reason, that the civil remedy would be inappropriate.

Remanded.