**Sidney Edward NELSON, Petitioner,**

v.

**James T. HOLZMAN, Sheriff, Respondent.**

**Civ. No. 68–609.**

United States District Court
D. Oregon.

Jan. 23, 1969.

Howard R. Lonergan, Portland, Or., for petitioner.

Jacob B. Tanzer, Asst. Chief Deputy Dist. Atty., George Van Hoomisen, Dist. Atty., Portland, Or., for respondent.

### FINDINGS AND OPINION

KILKENNY, District Judge.

Petitioner Nelson (hereinafter called Nelson), upon refusing to answer questions in the armed robbery trial of his co-defendant, Woody Leon Beggs, in Multnomah County Circuit Court on November 4, 1965, was summarily sentenced to a term of five months imprisonment in the Multnomah County Jail, for contempt of court. Nelson was at that time serving a prison sentence arising out of that same armed robbery. On October 16, 1968, he was released from imprisonment for the robbery term and was surrendered to respondent Holzman for execution of the contempt sentence. He has exhausted his state remedies.

Nelson, Woody Leon Beggs, and two other defendants were indicted on a charge of armed robbery. Nelson plead guilty and was under sentence for armed robbery (another charge of assault with a dangerous weapon having been dismissed). He agreed to testify in the

jury trial of Woody Leon Beggs. At that trial, however, Nelson refused to answer questions relating to the robbery claiming the privilege against self-incrimination.

The trial was then interrupted for a hearing. Nelson claimed that he had agreed to testify only to get before the court to state that he had been mistreated in prison and had not received proper medical attention. After questioning him further, the judge found that the Fifth Amendment privilege did not apply to relieve Nelson of the duty to answer the questions asked. Nelson then stated that he withdrew his claim to a privileged refusal to testify on Fifth Amendment grounds. The judge ordered the jury returned. Once back on the stand in the presence of the jury, however, Nelson again refused to answer the same question—this time an absolute refusal without claim of privilege. The trial judge ordered Nelson to answer, warning him that he would be prosecuted for contempt of court if he continued in his refusal. Nelson still refused.

At a hearing during the noon recess, the judge for a third time asked Nelson if he still refused to testify. He refused. The judge thereupon held him in contempt of court under ORS* 33.010(j) and sentenced him to five months in the county jail to be served concurrently with the sentence he was then serving. Later that afternoon, the trial judge returned Nelson and corrected the sentence to one which would be served consecutively.

The pre-trial stipulation and order recites that there are four issues of law to be decided: two relating to Nelson's claim of privilege against self-incrimination, one whether he was entitled to counsel at the proceedings of November 4th, and one whether the trial judge's inquiry into Nelson's grounds for claiming privilege was inadequate to afford Nelson due process of law. The memoranda submitted by counsel appeared to raise at least the issues regarding the validity of Nelson's claim of privilege and his claim to a right to counsel. Upon oral argument, however, both agreed that the only issue was whether Nelson had a right to counsel.

In support of the contention that he was entitled to counsel at the time when he was held in contempt and that his punishment for contempt, without the assistance of counsel, denied him due process of law, Nelson relies on Harris v. United States, 382 U.S. 162, 86 S.Ct. 352, 15 L.Ed.2d 240 (1965); United States v. Pace, 371 F.2d 810 (2d Cir. 1967); and Johnson v. United States, 344 F.2d 401 (5th Cir. 1965). I find little resemblance between the facts in those cases and the facts here presented. *Harris* involved an alleged contempt before the Grand Jury, not a proceeding before the District Judge in open court. The Court did not reach the question of whether a Federal Court might dispose of, in a summary manner, a refusal of a witness to testify in a case then before the Court. Other distinctions are obvious from a casual study of the case. *Pace, supra,* suggests that the trial judge should first consider the feasibility of coercing testimony through the imposition of a civil contempt. Here, the remedy of civil contempt is clearly inappropriate. Nelson was already imprisoned on another charge. The decision in *Pace* was based on the supervisory powers of the Federal Court, rather than on Constitutional grounds, such as here urged by Nelson. Although *Johnson* was decided on Constitutional grounds, its value as a precedent for limiting the power of state courts to summarily punish for contempt without the presence of counsel, is clearly weakened, if not destroyed, by what was said in *Harris, supra,* and the teachings expressed in Bloom v. Illinois, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968).

The Constitutional implications in *Johnson* envisioned in United States v. Barnett, 376 U.S. 681, 84 S.Ct. 984, 12

---

* Oregon Revised Statutes.

L.Ed.2d 23 (1964) are supported by neither *Bloom* nor *Harris*.

■ While *Bloom* concerned itself with the right of trial by jury for a person charged with criminal contempt, the logic of the Court in that case is relevant to Constitutional requirements in the case at bar. It is there stated that a criminal contempt is a crime in the ordinary sense and in every fundamental respect. However, the right of a trial by jury is not binding on the states in *all cases* of criminal contempt. There, the Court restated its position that the Constitutional guarantees of a jury trial do not apply to petty offenses. While the Court did not there define the precise line between petty and serious contempts, it clearly indicated that a sentence of two years was serious, while the sentence of six months imposed in Cheff v. Schackenberg, 384 U.S. 373, 86 S.Ct. 1523, 16 L. Ed.2d 629 (1966) was petty in nature. Here, the sentence imposed was five months, while the sentence authorized by the Oregon statute* was limited to six months. I gather from *Bloom, Cheff* and Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968) that the right to counsel in a contempt proceeding, is required in cases of serious contempts, while there is no such requirement in a case of a petty contempt committed in the presence of the Court.

The summary procedure, long permissible in a narrow class of contempts in open Court, as approved in Cooke v. United States, 267 U.S. 517, 537, 45 Tex. 390, 69 L.Ed. 767 (1925), and other cases, by analogy, is permissible in the State Courts in cases of petty contempt. Bloom, supra, 210, 88 S.Ct. 1477.

Aside from the above, it is most difficult to perceive of the role that counsel might play in the summary procedure. All of the essential elements of the contempt were within the Judge's knowledge. There may be cases of petty contempt where the services of an attorney might be of value, but this is not one.

■ Although the remaining issues were waived by petitioner, I have examined the same and find them without merit. The privilege of self-incrimination is not available to one who has already entered a plea of guilty, was sentenced on the charge and testified as to the same matter in an earlier trial. Reina v. United States, 364 U.S. 507, 513, 81 S.Ct. 260, 5 L.Ed.2d 249 (1960); Murphy v. Waterfront- Commissioners, 378 U.S. 52, 79, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1964). Certainly, petitioner cannot contend that he had a "reasonable fear" of prosecution, when he had already entered a plea of guilty. Even a co-defendant may be ordered to testify over a claim of privilege. United States v. Hoffman, 385 F.2d 501, 504 (7th Cir. 1967); United States v. Gernie, 252 F.2d 664, 670 (2d Cir. 1958).

The above shall serve as my findings and conclusions. Petitioner is not entitled to relief. The cause must be dismissed.

It is so ordered.

### SUPPLEMENTAL OPINION

Having just reviewed a transcript of the proceedings at the time of submission, I find that the petitioner did raise the issue of self-incrimination. As stated in my original opinion, I must find that on the facts of this case the privilege of self-incrimination is not available to the petitioner. He had already entered a plea of guilty, was sentenced on that plea and testified on the same subject in an earlier trial and, I so find.

---

* Oregon Revised Statutes 33.010.