**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Sean MEACHAM, Defendant–
Appellant.**

**Nos. 01–2471, 01–2473.**

United States Court of Appeals,
Sixth Circuit.

May 15, 2003.

BEFORE: DAUGHTREY and GIBBONS, Circuit Judges; and MILLS, District Judge.*

## OPINION

MILLS, District Judge.

In 1993, Appellant Sean Meacham pleaded guilty to conspiring to possess marijuana with the intent to distribute, in violation of 21 U.S.C. § 846. The district court found Meacham responsible for more than one hundred kilograms of marijuana equivalents, calculated a base offense level of twenty-six and sentenced Meacham to seventy-eight months in prison. Meacham appealed the sentence and this Court remanded for resentencing because "the district court failed to make individualized findings regarding the scope of the conspiracy and the duration and nature of each defendant's participation in the scheme." *United States v. Meacham*, 27 F.3d 214, 217 (6th Cir.1994). On remand,

---

* The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

the district court affirmed its earlier conclusion that Meacham was responsible for over one hundred kilograms of marijuana equivalents and again sentenced Meacham to seventy-eight months in prison. The court's findings were affirmed on appeal. *United States v. Meacham,* No. 95–1621, slip op. at 2, 1996 WL 494284 (6th Cir. Aug.28, 1996).

Meacham was released from prison in 1998. In 2001, a petition to revoke Meacham's supervised release was filed listing four violations.[1] The court found Meacham guilty of the violations and sentenced him to three years in the Bureau of Prisons. Following the imposition of sentence, Meacham's attorney requested Meacham be placed in a facility close to his children. The court denied the request and this exchange followed:

> The Court: I think he ought to be far, farther away, rather than closer to the environment in which all of these things that have emerged.
>
> Meacham: Do you have a basis for that reason?
>
> The Court: What's that?
>
> Meacham: Do you have a basis for that reason?
>
> The Court: That's the reason. Your misbehavior has all emerged out of your relationships.
>
> Meacham: People that come to this courtroom and tell lies.
>
> The Court: It's a little late for this, Mr. Meacham. You had an opportunity to testify.
>
> Meacham: Well, it's a fact.
>
> The Court: That's what you think.

> Meacham: That's what I know. That's what you think otherwise. You sit up there, I mean, you're God.
>
> The Court: If I could give you longer than thirty-six months, based on that kind of statement, I would, Mr. Meacham, because that's contemptuous. As a matter of fact, I am inclined to hold the defendant in contempt to serve a non-concurrent term.
>
> Meacham: I apologize.
>
> The Court: Of ten days for that little outburst. Do you have any reaction to that, Mr. Koelzer [Meacham's counsel]?
>
> Koelzer: Yes, Your honor. I think that it wasn't—it was at the moment where he just got the maximum sentence. It was a little outburst. Obviously, I don't have a cork, so I know that, you know, what was about to come out of his mouth wasn't wise or well thought out, and it did, and he just whispered to me that he was sorry for it, for saying that. I understand the Court's position. And I think the Court has every right to be angered for a minute.
>
> The Court: I'm not angered; concerned, perhaps, Mr. Koelzer.
>
> Koelzer: Well, even angered would be fine, but I think any kind of a contempt finding would be a bit extreme under the circumstances.
>
> The Court: Do you have a reaction, Ms. Parker [AUSA]?
>
> Parker: I think what the defendant is sorry for is that there may be consequences for his actions.
>
> The Court: I find the defendant in violation of the standards of behavior that

---

1. The listed violations were: (1) sexually assaulting his girlfriend, who was also the mother of his children; (2) failing to submit to drug testing; (3) failing to give timely notice of his arrest for criminal sexual assault to his probation officer; and (4) testing positive for marijuana. At the hearing, Meacham admitted to testing positive for marijuana but denied the other charges.

are expected of people in Court under his circumstances. I find that a criminal contempt of Court has occurred in the Court's presence, based upon the defendant's outburst and accusation to the Court.

The court then sentenced Meacham to serve a non-concurrent, ten-day sentence for the contempt violation. On appeal, Meacham argues the three-year sentence for the supervised release violation was imposed in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and that his statements to the court at the revocation hearing did not constitute criminal contempt.

## A. *Apprendi* Violation

■ Meacham was twice sentenced to seventy-eight months for conspiring to distribute more than one hundred kilograms of marijuana equivalents pursuant to 21 U.S.C. § 841(b)(1)(B). The maximum statutory sentence for this offense is forty years. 21 U.S.C. § 841(b)(1)(B). An offense for which the statutory maximum sentence is twenty-five years or more, is a Class B felony. 18 U.S.C. § 3559(a)(2). When a defendant convicted of a Class B felony violates supervised release, he may be sentenced to no more than three years in prison for the violation. 18 U.S.C. § 3583(e)(3). At the revocation hearing, the district court identified Meacham's original conviction as a Class B felony, a classification which triggered a statutory maximum three-year sentence for a supervised release violation. The court ultimately sentenced Meacham to the maxi-

mum possible sentence because of the egregious nature of his violations.

Meacham argued at sentencing and now on appeal that the three-year sentence was erroneous because his original sentence entered pursuant to § 841(b)(1)(B) violated *Apprendi*.[2] Because the indictment in this case did not specify a drug quantity, Meacham's conviction should have been entered pursuant to 21 U.S.C. § 841(b)(1)(D), the default statutory maximum for offenses involving marijuana.[3] *See United States v. Graham*, 275 F.3d 490, 523 (6th Cir.2001) (holding that the statutory maximum for manufacturing an unspecified amount of marijuana is five years). The statutory maximum sentence for that offense is five years and it is classified as a Class D felony. 18 U.S.C. § 3559(a)(4). If Meacham had been convicted of a Class D felony and then violated supervised release, he would have been eligible for a maximum sentence of only two years in prison. 18 U.S.C. § 3583(e)(3). Meacham's sentence is reviewed *de novo*. *United States v. Edwards*, 272 F.3d 812, 815 (6th Cir.2001).

As the district court correctly surmised, Meacham's objection to his sentence is actually a collateral attack of his original conviction. A motion under 28 U.S.C. § 2255 is the proper vehicle for collaterally attacking the validity of a federal sentence. Even placed in a properly filed § 2255 motion, Meacham's argument would be futile as this Circuit has held that *Apprendi* is not retroactively applicable to motions under 28 U.S.C. § 2255. *Goode v. United States*, 305 F.3d 378, 382 (6th Cir.2002).

**2.** Meacham did not make an *Apprendi* objection at his original sentencing and did not raise it on appeal or in a 28 U.S.C. § 2255 petition.

**3.** Before a defendant can be sentenced to a term of imprisonment above the default statutory maximum provided in 21 U.S.C. § 841(b)(1)(C) or (D) for a drug crime de-

scribed in § 846, *Apprendi* requires that a drug type and amount sufficient to trigger the higher statutory maximums of § 841(b)(1)(A), (B) or (C) be specified in the "indictment, submitted to a jury, and proved beyond a reasonable doubt." *United States v. Stubbs*, 279 F.3d 402, 409 n. 2 (6th Cir.2002).

The district court correctly rejected Meacham's attempt to invalidate his original conviction at a supervised release revocation hearing. Meacham's three-year sentence is affirmed. *See United States v. Greene,* 206 F.Supp.2d 811 (S.D.W.V.2002) (holding the court lacked "jurisdiction in a revocation proceeding to reclassify the felony offense for which Defendant was previously convicted" based on *Apprendi* ).

### B. Criminal Contempt

■ Meacham also appeals the district court's summary disposition of criminal contempt. Under Rule 42(a) of the Federal Rules of Criminal Procedure, "[a] criminal contempt may be punished summarily if the judge certifies that he saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court." [4] FED. R.CRIM. P. 42(a). Rule 42(a)'s summary contempt procedures derive from 18 U.S.C. § 401, which provides "[a] court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as ... misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice." 18 U.S.C. § 401. Meacham argues he did not obstruct the administration of justice and therefore should not have been convicted of contempt.

Rule 42(a) was envisioned to apply to the unusual situation "where instant action is necessary to protect the judicial institution itself." *Harris v. United States,* 382 U.S. 162, 167, 86 S.Ct. 352, 15 L.Ed.2d 240 (1965). "Summary disposition is thus available only when immediate punishment is necessary to put an end to acts disrupting the proceedings, such as threats to the

judge, disturbances in the courtroom or insolence before the court." *United States v. Pace,* 371 F.2d 810, 811 (2d Cir.1967).

Longstanding precedent confirms the power of courts to find summary contempt and impose punishment. *See, e.g., Ex parte Terry,* 128 U.S. 289, 9 S.Ct. 77, 32 L.Ed. 405 (1888). In *Cooke v. United States,* 267 U.S. 517, 45 S.Ct. 390, 69 L.Ed. 767 (1925), the Supreme Court said:

> To preserve order in the court room for the proper conduct of business, the court must act instantly to suppress disturbance or violence or physical obstruction or disrespect to the court when occurring in open court. There is no need of evidence or assistance of counsel before punishment, because the court has seen the offense. Such summary vindication of the court's dignity and authority is necessary. It has always been so in the courts of the common law and the punishment imposed is due process of law.

*Id.* at 534, 45 S.Ct. 390. "Where misconduct occurs in open court, the affront to the court's dignity is more widely observed, justifying summary vindication." *Pounders v. Watson,* 521 U.S. 982, 988, 117 S.Ct. 2359, 138 L.Ed.2d 976 (1997). "A judge need not tolerate disrespect or a deliberate show of defiance in open court. To affront the dignity of the court the misbehavior need not insult the judge personally, but may consist of threats, disrespect or other like behavior." *United States v. Giovanelli,* 897 F.2d 1227, 1232 (2d Cir.1990).

To efficiently administer justice, district courts are vested with power to control their courtrooms. We review the exercise of that control for abuse of discretion, *United States v. Kimble,* 305 F.3d 480, 485

---

4. This was the Rule's language at the time of Meacham's conviction. It has subsequently been rewritten and relocated to Rule 42(b) of the Federal Rules of Criminal Procedure. FED. R.CRIM. P. 42(b).

(6th Cir.2002), and will affirm unless the court has "committed a clear error of judgment." *Bowling v. Pfizer, Inc.*, 102 F.3d 777, 780 (6th Cir.1996) quoting *Logan v. Dayton Hudson Corp.*, 865 F.2d 789, 790 (6th Cir.1989). District courts have unique vantage points in these situations and are able to perceive those intangible elements which may not be assimilated by simply reading the cold record on review. Accordingly, their judgments are afforded a great deal of deference.

The district court here did not make a clear error of judgment in finding Meacham's behavior contemptuous. Meacham did not take advantage of his opportunities to testify. Instead, he waited until the court was ready to adjourn before interjecting an unsolicited objection to the court's ruling. Meacham continued to challenge the court and only stopped when the court indicated it was going to hold Meacham in contempt for his behavior. As the court was reciting the sentence, Meacham interrupted the court and apologized for his outburst. Meacham argues the apology erased the offense—it did not. This Court finds Meacham acted in a way that was disruptive of the proceeding and insulting to the court. The district court did not abuse its discretion in sentencing Meacham to a ten-day term of imprisonment and we affirm.

Meacham's motions to strike and expedite are allowed.

DAUGHTREY, Circuit Judge, concurring in part and dissenting in part.

Under the facts presented in this case, I agree with the majority's conclusion that defendant Meacham was properly sentenced for violation of the conditions of his supervised release. I write separately, however, to express my disagreement with the decision to affirm the defendant's conviction for criminal contempt.

Pursuant to the provisions of 18 U.S.C. § 401:

> A court of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as—
>
> (1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;
>
> (2) Misbehavior of any of its officers in their official transactions;
>
> (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

Criminal contempt, therefore, "is designed to be punitive and 'vindicate the authority of the court.'" *Alkire v. Irving*, 305 F.3d 456, 469 (6th Cir.2002)(quoting *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 828, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994)).

In order to support a conviction for criminal contempt under § 401(1), the record must establish, beyond a reasonable doubt, the existence of four elements. First, there must be evidence that the defendant engaged in some conduct that can be considered "misbehavior." *See Vaughn v. City of Flint*, 752 F.2d 1160, 1167 (6th Cir.1985). Second, that misbehavior must amount to an "obstruction of the administration of justice," *see id.*, an obstruction that "must be … actual, not … theoretical…." *See id.* at 1168 (citing *In re McConnell*, 370 U.S. 230, 234, 82 S.Ct. 1288, 8 L.Ed.2d 434 (1962)). Third, the contempt must occur in the presence of the judge imposing the summary determination of criminal guilt. *See id.* at 1167. Finally, the defendant must have formed an actual intent to cause the obstruction of justice. *See id.* Thus, the improper act must be "a deliberate or intended violation, as distinguished from an accidental, inadvertent or negligent violation." *Id.* at 1169

(quoting *TWM Mfg. Co. v. Dura Corp.*, 722 F.2d 1261, 1272 (6th Cir.1983)).

In this case, Meacham does not dispute that his statements were made in the presence of the court and does not seriously contest the fact that those comments could be considered "misbehavior." Instead, he focuses on the question of whether his statements could legitimately be construed as an intentional attempt to obstruct the administration of justice.

Although almost every inappropriate act or comment uttered by a lawyer, litigant, or defendant in legal proceedings could be deemed "misbehavior," those words and deeds must be sufficiently egregious to justify the sanction of criminal contempt. Indeed, as recognized by the Supreme Court for more than half a century:

> The vehemence of the language used is not alone the measure of the power to punish for contempt. The fires which it kindles must constitute an imminent, not merely a likely, threat to the administration of justice. The danger must not be remote or even probable; it must immediately imperil.... [T]he law of contempt is not made for the protection of judges who may be sensitive to the winds of public opinion. Judges are supposed to be [people] of fortitude, able to thrive in a hardy climate.

*Craig v. Harney*, 331 U.S. 367, 376, 67 S.Ct. 1249, 91 L.Ed. 1546 (1947). As a result, "[t]rial courts ... must be on guard against confusing offenses to their sensibilities with obstruction to the administration of justice." *Brown v. United States*, 356 U.S. 148, 153, 78 S.Ct. 622, 2 L.Ed.2d 589 (1958). *See also In re Little*, 404 U.S. 553, 555, 92 S.Ct. 659, 30 L.Ed.2d 708 (1972).

In short, "the contumacious conduct must also obstruct the administration of justice." *United States v. Ortlieb*, 274 F.3d 871, 876 (5th Cir.2001). Such obstruction necessarily involves an "act that will interrupt the orderly process of the administration of justice, or thwart the judicial process." *United States v. Warlick*, 742 F.2d 113, 116 (4th Cir.1984). Thus, the government must show "that the defendant's acts delayed the proceedings, made more work for the judge, induced error or imposed unnecessary costs on the other parties." *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 968 F.2d 523, 532 (5th Cir.1992). At a minimum, the defendant's misconduct must have "had an effect on the proceedings." *Id.* (citing *United States v. Oberhellmann*, 946 F.2d 50, 52 (7th Cir.1991)).

In *United States v. Griffin*, 84 F.3d 820, 833 (7th Cir.1996), therefore, the Seventh Circuit affirmed a criminal contempt conviction entered by a trial judge to punish the asking of previously prohibited questions when the improper examination necessitated removing the jury from the courtroom to address the breach in decorum. Similarly, the contempt conviction at issue in *United States v. McGainey*, 37 F.3d 682 (D.C.Cir.1994), was upheld because the threatening gestures made by the defendant toward a testifying witness required an interruption in the trial to remove the jury and later to inquire as to potential jury prejudice against the defendant. *See id.* at 685.

By contrast, the comments made by Meacham in this case were not personally threatening, were made only at the conclusion of the sentencing proceeding, and were essentially an emotional response to what he may have perceived to be the unreasonable rejection of a request to be imprisoned at a facility nearer to family members. Furthermore, the exchange between the defendant and the district judge that precipitated the finding of contempt encompasses only 15 lines in the transcript of the proceedings. Under such circumstances, and given the additional fact that

Meacham immediately apologized to the court for his outburst, I believe the district judge's reaction amounted to overkill. Although I agree that a trial judge must be able to maintain the proper decorum in the courtroom at all times and that the comments made by the defendant were subject to rebuke, I cannot say that they did anything to obstruct the administration of justice, and I would therefore vacate the judgment of contempt entered in this matter.