**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**JUSTIN D., a juvenile, Defendant—
Appellant.**

No. 05–30169.

D.C. No. CR–02–00038–SEH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 16, 2005.

Decided Dec. 6, 2005.

Lori Harper Suek, Esq., Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

David F. Ness, Esq., Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before SCHROEDER, Chief Judge, ALARCON and LEAVY, Circuit Judges.

MEMORANDUM *

Justin D. (J.D.), a juvenile, appeals from the district court's order revoking his probation and sentencing him to one year in a juvenile detention facility. On appeal, J.D. challenges the sufficiency of the information. We have jurisdiction pursuant to 28 U.S.C. § 1231 and we affirm.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

## BACKGROUND

In 2002, an information was filed alleging that J.D. "committed an act of juvenile delinquency, in that ... [he] knowingly possess a firearm, a nickle plated Colt .32 automatic pistol, in violation of 18 U.S.C. § 922(x)(2)(A)."[1] He entered a plea of true to the information and was sentenced to a five-year term of probation. He appealed his sentence, and this court, in an unpublished opinion, affirmed his sentence.

In 2005, the government petitioned for revocation of J.D.'s probation. J.D. moved to dismiss, arguing that the underlying information failed to state a federal offense because it failed to allege that the handgun traveled in interstate commerce. The district court denied J.D.'s motion to dismiss the petition, concluding that J.D. could not make this challenge in a probation revocation hearing. The district court revoked J.D.'s probation and sentenced him to one-year detention. J.D. timely appealed.

## ANALYSIS

J.D. contends that the information failed to state a federal offense because: (1) 18 U.S.C. § 922(x)(2)(A) is facially unconstitutional because it exceeds the Commerce Clause authority of the United States Congress; and (2) the information failed to allege a nexus between interstate commerce and the firearm in J.D.'s possession.

■ At the outset, we reject the government's contention that J.D. is precluded from attacking the sufficiency of the information in the probation revocation proceeding. The government and the district court mistakenly relied upon *United States v. Simmons*, 812 F.2d 561, 563 (9th Cir. 1987), which establishes that an underlying conviction may not be collaterally attacked on direct appeal from a district court order revoking probation:

> [A]n appeal from a probation revocation is not the proper avenue for a collateral attack on the underlying conviction. The conviction may be collaterally attacked only in a separate proceeding under 28 U.S.C. § 2255, and a court should consider the petition for probation revocation as if the underlying conviction was unquestioned.

*Id.*

J.D. is attacking the sufficiency of the underlying information, not just the underlying conviction. In *Simmons*, the attack was on the voluntariness of the plea. The failure of an information to state an offense is a fundamental defect which can be raised at any time. *See United States v. Pheaster*, 544 F.2d 353, 360 (9th Cir.1976) ("Failure of an indictment to state an offense is, of course, a fundamental defect which can be raised at any time."). Although J.D. did not raise the challenge to the information prior to his plea of true to the information, or on direct appeal from his conviction, he has not waived this challenge. *See Echavarria–Olarte v. Reno*, 35 F.3d 395, 397 (9th Cir.1994) (A defendant who fails to object to an indictment before trial waives all objections except those which challenge the trial court's jurisdiction or challenge the indictment for its failure to charge an offense.); *United States v. Caperell*, 938 F.2d 975, 977 (9th Cir.1991) ("[A]lthough the dividing line between constitutional claims waived by a plea of guilty and those that survive the plea is not always clear, claims that the applicable statute is unconstitutional or that the indictment fails to state an offense are jurisdictional claims not waived by the guilty plea." (Internal citations and quotations omitted)). Therefore, J.D. is not pre-

---

1. Title 18 U.S.C. § 922(x)(2) provides:
   It shall be unlawful for any person who is a juvenile to knowingly possess -

   (A) a handgun; or
   (B) ammunition that is suitable for use only in a handgun.

cluded from challenging the sufficiency of the information in a probation revocation proceeding. Accordingly, the district court erred in refusing to consider J.D.'s challenge to the sufficiency of the information. Nevertheless, after consideration of the merits of J.D.'s challenge, we affirm the district court.

## A. Commerce Clause Authority

■ We have previously held in *United States v. Michael R.,* 90 F.3d 340, 344 (9th Cir.1996), that the Youth Handgun Safety Act, codified at 18 U.S.C. § 922(x)(2), does not exceed Congress' Commerce Clause authority. We stated that § 922(x)(2), prohibiting the possession of a handgun by a juvenile, "is part of a larger regulation that deals with the sale, delivery, or transfer of firearms to a juvenile." *Michael R.,* 90 F.3d at 344. We stated: "[W]e have no doubt that possession of a handgun by a juvenile, as a general matter, could have a substantial effect on interstate commerce." *Id.* We examined the legislative history which disclosed that Congress enacted § 922(x)(2) to help control crime "by stopping commerce in handguns with juveniles nationwide." *Id.* at 345, quoting House Conf. Ref. No. 103–711, 390–91, 103d Cong., 2d Sess., *reprinted in* 1994 U.S.C.C.A.N. 1858, 1859.

We reject J.D.'s argument that our holding in *Michael R.* has been undercut or overruled by several recent Supreme Court cases and Ninth Circuit cases involving commerce clause jurisprudence and, for example, child pornography, violence against women, and medical marijuana. *See, e.g., Gonzalez v. Raich,* —— U.S. ——, 125 S.Ct. 2195, 162 L.Ed.2d 1 (2005).

All of these cases and the statutes involved are distinguishable on their facts and on the legislative purposes behind the federal statutes involved. Our holding in *Michael R.* regarding the permissible Congressional regulation of the possession of handguns by juveniles has not been undermined or overruled. *Accord, United States v. Cardoza,* 129 F.3d 6, 11–13 (1st Cir.1997) (18 U.S.C. § 922(x) is proper under the Commerce Clause).

## B. Commerce Clause Nexus in the Information

■ J.D. argues that even if Congress has the authority under the Commerce Clause to regulate the possession of handguns by juveniles, the interstate commerce nexus is a necessary element of the offense which must be included in the information. We reject that argument, and hold that the information alleging an offense in the words of § 922(x)(2) is sufficient.

In *Michael R.,* we rejected the contention that § 922(x)(2) required an allegation of a jurisdictional element to ensure that, on a case-by-case basis, there was an effect on interstate commerce. *Michael R.,* 90 F.3d at 343–45. We distinguished § 922(x)(2) (regulating the sale, delivery, or transfer of firearms to a juvenile) from § 922(q) (enacted as the Gun–Free School Zone Act of 1990). In *United States v. Lopez,* 514 U.S. 549, 562, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), the Court held that § 922(q), as enacted without an interstate commerce jurisdictional element, was not a valid exercise of Congress's commerce powers because the activities regulated under that statute were too far removed from interstate commerce.[2] In

---

**2.** 18 U.S.C. § 922(q) has since been amended to add a commerce clause jurisdictional element, and the statute, as amended, has been upheld as constitutional. *See United States v. Dorsey,* 418 F.3d 1038, 1046 (9th Cir.2005) (affirming district court's denial of motion to

dismiss indictment under 18 U.S.C. § 922(q) (possession of a gun in a school zone) because the statute now contains language that ensures, on a case-by-case basis, that the firearm in question affects interstate commerce).

*Michael R,* we stated that the regulation of juveniles and handguns was different from *Lopez* because Congress was attacking both the supply and demand for handguns with respect to juveniles, and there was a nexus between Congressional regulation of juveniles, handguns, and the current drug culture where "it is not uncommon for runners to be under 18 years old ... [and] many of them carry guns." *Michael R.,* 90 F.3d at 345.

Accordingly, the information in this case alleged a federal offense under 18 U.S.C. § 922(x)(2)(A) without the inclusion of an interstate commerce jurisdictional element. *Accord United States v. Redus,* 469 F.2d 185 (9th Cir.1972) (reversing the dismissal of an indictment under 18 U.S.C. § 922(a)(1) for failure to include the interstate commerce nexus, noting that the legislative history was clear that Congress intended to regulate both interstate and intrastate unlicenced dealing in firearms).

AFFIRMED.