NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1193n.06

No. 12-5435

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Nov 19, 2012*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE |
| DEREK HALLOM, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| Defendant-Appellant. | ) | DISTRICT OF TENNESSEE |
| | ) | |

**BEFORE:  SILER, COLE and SUTTON, Circuit Judges.**

**COLE, Circuit Judge.**  Derek Hallom appeals the supervised release term imposed as a result of his supervised release violations, arguing that it is procedurally and substantively unreasonable.  We AFFIRM the district court.

**I.**

On December 16, 2009, Derek Hallom pled guilty to one count of false declarations before a grand jury or court, in violation of 18 U.S.C. § 1623.  Hallom's offense was punishable by up to five years imprisonment and up to *three* years of supervised release.  *See* 18 U.S.C. § 1623(a) (up to five years imprisonment for false declaration); 18 U.S.C. § 3559(a)(4) (felony with five year maximum sentence falls into Class D category); 18 U.S.C. § 3583(b)(2) (up to three years supervised release for a Class D felony).  He was sentenced to 101 days time served and *four* years of supervised

release. The terms of the supervised release required Hallom, among other things, to "not leave the [Western District of Tennessee] without the permission of the court or probation officer."

Hallom's period of supervised release began on March 16, 2010 and was to end on March 15, 2014. On October 15, 2011, a California law enforcement officer informed Hallom's probation officer that Hallom had been living in the San Diego area for several months. On November 10, 2011, the Government filed a Petition for Warrant or Summons for Offender Under Supervision, alleging six supervised release violations by Hallom, including a violation for leaving the district without permission. Hallom pled guilty to all six violations at his Supervised Release Violation Hearing (or "revocation hearing"), on April 10, 2012.

The guidelines range for Hallom's supervised release violations was eight to fourteen months, and the maximum period of imprisonment available was twenty-four months, with up to thirty-six months supervised release. The court sentenced Hallom, within the guidelines, to twelve months imprisonment and twenty-four months supervised release.

In determining Hallom's sentence, the court considered several factors, only one of which Hallom challenges on appeal: the expiration date of Hallom's prior supervised release term. At Hallom's revocation hearing, the district court reasoned that he had "about two years more of supervision to go [until the expiration date of his original sentence]," and that a twenty-four month period of supervised release was necessary to ensure that he would not "cut" his "time" by violating the original supervised release. Hallom argues on appeal that the district court's reliance on this factor was both procedurally and substantively unreasonable because the original period of

supervised release was erroneously and illegally set above the permitted statutory maximum of thirty-six months. He requests remand and resentencing.

**II.**

Hallom may not attack his original sentence via a challenge to his current sentence. *See United States v. Lewis*, 498 F.3d 393, 395 (6th Cir. 2007), *rehearing en banc denied*, Dec. 21, 2007, *cert. denied*, 555 U.S. 813 (2008) ("[A]n appellant may not 'attempt to invalidate his original conviction at a supervised release revocation hearing.'") (quoting *United States v. Meacham*, 65 F. App'x 529, 533 (6th Cir. 2003)) (citing *United States v. Flanory*, 45 F. App'x 456, 459 (6th Cir. 2002)).

Hallom's prior four-year supervised release term was unquestionably both procedurally and substantively unreasonable, but that is not the issue before us. It is clear that Hallom, who was represented during his sentencing for the original "false declarations" offense, did not challenge his original sentence by objecting at the time, on direct appeal, or on collateral appeal under 28 U.S.C. § 2255. *See Lewis*, 498 F.3d at 395 (describing § 2255 as "[t]he proper vehicle for such a challenge").

Several circuits, in addition to this one, have held that § 2255 is the exclusive remedy for individuals seeking to collaterally challenge the validity of a sentence. *See United States v. Almand*, 992 F.2d 316, 317 (11th Cir. 1993); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991); *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999); *United States v. Francischine*, 512 F.2d 827, 828 (5th Cir. 1975) ("[T]he underlying validity of a conviction cannot be asserted as a defense in a

probation revocation proceeding, . . . the conviction's validity may be collaterally attacked only in a separate proceeding under [§] 2255, and the . . . district court has jurisdiction to consider a petition for revocation of probation as if the underlying conviction were unquestioned, until such time as the conviction has been judicially set aside.").

The district court did not act unreasonably by treating Hallom's prior sentence as valid at the time of his Supervised Release Violation Hearing, and Hallom cannot challenge the validity of that sentence in this appeal.

### III.

For this reason, we **AFFIRM**.