NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0559n.06

No. 12-2208

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Jun 10, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DEMARIO LEROY BROWN, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| Defendant-Appellant. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |

BEFORE: BATCHELDER, Chief Judge; SUHRHEINRICH and SUTTON, Circuit Judges.

PER CURIAM. Demario Leroy Brown appeals the sentence imposed for his violation of the terms of his supervised release.

In 2008, Brown pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him to thirty-seven months in prison, to be followed by three years of supervised release. In 2010, Brown admitted to violating the terms of his supervised release. The district court sentenced him to six months in prison, to be followed by twenty-four months of supervised release. In 2011, Brown again admitted to violating the terms of his supervised release. The district court sentenced him to twelve months in prison, to be followed by eighteen months of supervised release. Brown was to serve the first four months of his supervised release in a residential reentry center and the following four months in home confinement.

In 2012, several days after he began serving his term of supervised release, Brown left the residential reentry center without authorization.  He subsequently admitted to violating the terms of his supervised release.  Based on Brown's Grade C violation and his criminal history category of VI, his guidelines range of imprisonment was eight to fourteen months.  A probation officer recommended adding eight months to Brown's guidelines sentence under USSG § 7B1.3(d) to account for his failure to complete the previously imposed four-month terms of community confinement and home detention.  The district court sentenced Brown to twenty-four months in prison.  It did not impose an additional term of supervised release.

On appeal, Brown argues that his sentence is substantively unreasonable for the following reasons:  (1) the district court placed undue emphasis on his history of supervised release violations and criminal history; (2) the court failed to properly consider the seriousness of his offense, the need to promote respect for the law, and the need to afford deterrence and provide rehabilitative opportunities; and (3) the court did not state whether the above-guidelines sentence was the result of a departure or variance, and the sentence was greater than necessary to comply with the purposes of sentencing.

We review sentences imposed following revocation of supervised release under an abuse-of-discretion standard for reasonableness, which has both a procedural and a substantive component. *United States v. Kontrol*, 554 F.3d 1089, 1092 (6th Cir. 2009).  "For a sentence to be substantively reasonable, it must be proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary, to comply with the purposes of [18 U.S.C.] § 3553(a)." *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008) (internal quotation marks

omitted). "A sentence may be substantively unreasonable if the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *Id.* at 510 (internal quotation marks and alterations omitted).

Brown's sentence was substantively reasonable. Before imposing the sentence, the district court discussed several relevant sentencing factors, including Brown's significant criminal history and the fact that he repeatedly violated the terms of his supervised release. The court explained that, based on his history, it was clear that Brown was not deterred by his prior punishment, that he was likely to recidivate, that an additional term of supervised release would be ineffective, and that the "only way rehabilitation is going to occur is with incarceration." Despite Brown's argument to the contrary, the district court did not give undue weight to his repeated supervised release violations and criminal history. Rather, the court rationally determined that those factors were of primary importance when weighed against other pertinent considerations. Further, the district court was not required to consider the seriousness of the offense or the need to promote respect for the law, *see* 18 U.S.C. § 3583(e), and its discussion reasonably addressed the need to afford deterrence and promote rehabilitation. Finally, the twenty-four-month sentence implicitly included both the additional eight months of imprisonment under § 7B1.3(d) recommended by the probation officer and a two-month upward variance from the guidelines. Under the circumstances, the sentence was not greater than necessary to comply with the purposes of § 3553(a).

Accordingly, we affirm the district court's judgment.