**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 15a0057n.06

No. 14-5759

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|  | ) | |
| **Plaintiff-Appellee,** | ) | ON APPEAL FROM THE |
|  | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE MIDDLE |
|  | ) | DISTRICT OF TENNESSEE |
| JAMES STRICKLAND, | ) | |
|  | ) | **OPINION** |
| **Defendant-Appellant.** | ) | |
|  | ) | |

**FILED**
Jan 16, 2015
DEBORAH S. HUNT, Clerk

Before:  MERRITT, MOORE, and DONALD, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.**  James Strickland was sentenced to ten years of federal supervised release for knowingly failing to register as a sex offender in Tennessee in 2010.  In 2013, Strickland was arrested for violating two conditions of his supervised release.  The district court sentenced him to twelve months of imprisonment for these violations.  Strickland now appeals on the grounds that his sentence is substantively unreasonable.  For the reasons set forth in this opinion, we **AFFIRM** the sentence of the district court.

**I. BACKGROUND**

In 1996, the State of New Jersey convicted Strickland of Endangering the Welfare of a Child for engaging in consensual sexual intercourse with a 14-year-old girl.  R. 90 (Presentence Investigation Report ¶ 3) (Page ID #150).  He received a sentence of two years of probation and community supervision for life.  *Id.*  Most relevant to the current case, Strickland pleaded guilty

to knowingly failing to register under the Sex Offender Registration and Notification Act ("SORNA") in Tennessee on or about November 5, 2010. R. 1 (Indictment) (Page ID #1); R. 19 (Plea Pet.) (Page ID #21–25). The district court sentenced him to twenty-seven months of imprisonment and ten years of supervised release. R. 38 (Judgment at 2–3) (Page ID #103–04). Strickland began serving his federal supervised release on January 17, 2013. R. 50 (Superseding Pet. for Summons at 2) (Page ID #135).

On September 26, 2013, New Jersey parole officials contacted federal parole officials to report that they had been unable to locate or contact Strickland since September 9, 2013, and that they had therefore issued a warrant for Strickland's arrest. *Id.* Federal officials conducted a home visit and confirmed that Strickland had moved out of his boarding house room in New Jersey. *Id.*

On October 19, 2013, New Jersey law enforcement officials arrested Strickland. *Id.* On January 6, 2014, Strickland pleaded guilty in state court to Violation of Condition on Special Sentence, a felony in New Jersey, and received a sentence of nine months of imprisonment and community supervision for life. *Id.* On May 12, 2014, Strickland completed his state-court sentence. *Id.* at 3 (Page ID #136).

On June 23, 2014, the district court held a hearing on the petition alleging that Strickland violated two conditions of his federal supervised release: (1) the condition that he notify his probation officer at least ten days before changing his residence or employment, and obtain pre-approval of his new residence or employment; and (2) the condition that he not commit another

federal, state, or local crime. R. 59 (Hr'g Tr. at 3) (Page ID #173). Strickland admitted both violations. *Id.* at 4 (Page ID #174). Thus, the only issue before the district court was the appropriate sentence. The sentencing guidelines advisory range for these violations was calculated to be twelve to eighteen months of imprisonment with supervised release of five years to life. *Id.* at 3 (Page ID #173). The district court sentenced Strickland to twelve months of imprisonment and terminated his federal supervised release. *Id.* at 25 (Page ID #195).

On appeal, Strickland argues that his sentence is substantively unreasonable. Appellant Br. at 12.

## II. ANALYSIS

### A. Standard of Review

We "review supervised release revocation sentences in the same way that we review all other sentences—under a deferential abuse of discretion standard for reasonableness." *United States v. Bolds*, 511 F.3d 568, 575 (6th Cir. 2007) (internal quotation marks omitted). Contrary to the government's position, plain error review is not appropriate in this case even though Strickland made no objections after the district court posed the *Bostic* question. "[D]efendants do not need to raise the claim of substantive unreasonableness before the district court to preserve the claim for appeal." *United States v. Penson*, 526 F.3d 331, 337 (6th Cir. 2008). Moreover, Strickland raised both of the arguments he makes on appeal before the district court pronounced its sentence. "[S]ubstantive and procedural claims made by counsel prior to sentencing are reviewed for reasonableness, regardless of how counsel subsequently answers the

*Bostic* question." *United States v. Simmons*, 587 F.3d 348, 354 (6th Cir. 2009). We therefore review Strickland's substantive unreasonableness claim for abuse of discretion.

**B. Substantive Reasonableness of Strickland's Sentence**

In cases in which the defendant challenges the substantive reasonableness of his sentence, "we must consider the sentence imposed in light of the totality of the circumstances, including the extent of any variance from the Guidelines range." *United States v. Johnson*, 640 F.3d 195, 202 (6th Cir. 2011) (internal quotation marks omitted). For within-guidelines sentences like the sentence in this case, "we may apply a rebuttable presumption of substantive reasonableness." *Bolds*, 511 F.3d at 581. "The fact that [we] might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall v. United States*, 552 U.S. 38, 51 (2007). "A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008).

Strickland argues that the district court "placed excessive weight" on the only factor favoring a harsher sentence—that Strickland had violated the conditions of supervised release before—while it did not consider two factors favoring a more lenient sentence. Appellant Br. at 13 (internal quotation marks omitted). First, Strickland argues that "he was needlessly under the supervision of two governments," and only because of that redundant supervision did his one wrongful act—absconding—trigger a guidelines range of twelve to eighteen months instead of

six to twelve months, the alleged guidelines range if he had been under only federal supervision. *Id.* at 15. Strickland claims that the question the district court should have asked is "Does Strickland even deserve a sentence as high as 6-12 months since he has already served 9 months for the exact same conduct?" *Id.* Second, Strickland argues that continuing supervision is unfair because his 1996 offense was a "'Romeo and Juliet' type of affair," and in the seventeen years since, he has not reoffended. *Id.* at 15–16.

We hold that the district court did not abuse its discretion and the sentence it imposed was substantively reasonable under the totality of the circumstances. The district court reasonably placed weight on the fact that Strickland had at least four times previously violated the conditions of his state or federal supervised release. R. 59 (Hr'g Tr. at 12) (Page ID #182). The district court concluded that "Strickland is a repeat violator on these issues of complying with supervision in state and federal court and that there needs to be a sanction in addition to the state court punishment." *Id.* at 24 (Page ID #194).

But the district court did not place excessive weight on this factor. The court mentioned all of the factors that 18 U.S.C. § 3583(e) directs courts to consider in revoking supervised release. *Id.* at 23–24 (Page ID #193–94). And, contrary to what Strickland claims, the district court did consider the fact that Strickland was under both federal and state supervision. The district court explicitly stated that it was "choosing the lower end of the range because there has been some punishment imposed by New Jersey even though it is expired." *Id.* at 25 (Page ID #195). The district court was not required to consider what the hypothetical guidelines range

would have been if Strickland was not under federal and state supervision. The district court adequately considered and weighed how the concurrent supervision should factor into Strickland's sentence. Moreover, the district court terminated further federal supervised release, which was due to last until 2023, to avoid "duplication" with New Jersey's lifetime supervision of Strickland. *Id.* The district court did not "giv[e] extra jail time as an offset for terminating" Strickland's federal supervision, as Strickland claims. Appellant Reply Br. at 2.

Finally, under § 3583(e), the district court was not required to consider the seriousness (or alleged lack thereof) of Strickland's original offense, as Strickland's second argument would require. *United States v. Brown*, 519 F. App'x 359, 360 (6th Cir. 2013) ("[T]he district court was not required to consider the seriousness of the offense or the need to promote respect for the law, *see* 18 U.S.C. § 3583(e) . . . ."). To the extent Strickland's argument is actually with his original New Jersey conviction, this is not the appropriate forum for that argument. *United States v. Lewis*, 498 F.3d 393, 395 (6th Cir. 2007) ("[A]n appellant may not attempt to invalidate his original conviction at a supervised release revocation hearing.") (internal quotation marks omitted).

In sum, under the totality of circumstances the district court's within-guidelines sentence is substantively reasonable.

### III. CONCLUSION

For the reasons set forth above, we **AFFIRM** the sentence of the district court.