**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 18a0256n.06

No. 17-5222

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | May 24, 2018 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| JEFFERY EARL HALL, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |

**BEFORE: GIBBONS, WHITE, and STRANCH, Circuit Judges.**

**JULIA SMITH GIBBONS, Circuit Judge.** Jeffrey Hall appeals the district court's revocation of his supervised release and sentence of 51 months' incarceration. In 2001, Hall was convicted of a Class A felony based on his then-designation as an armed career criminal. Based on this original conviction, the district court found that the maximum sentence upon supervised release revocation was five years. 18 U.S.C. § 3583(e)(3). Hall argues that in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which applies retroactively in cases on collateral review, *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016), he should not have been categorized as an armed career criminal. Thus, his original conviction should have been of a Class C felony, which carries a statutory maximum of two years' incarceration upon revocation of supervised release. Hall therefore argues for the first time in this appeal that the district court's sentence of 51 months was over the statutorily allowed maximum.

We hold that because Hall did not raise this argument at his supervised release revocation sentencing, he has forfeited any error. Moreover, generally, an original conviction may not be collaterally attacked at a supervised release revocation hearing. Instead, if Hall wishes to challenge his designation as an armed career criminal for his 2001 conviction, the proper avenue is a 28 U.S.C. § 2255 petition. Accordingly, we affirm the district court.

I.

In 2001, Jeffrey Hall pled guilty to possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g). At the time of this conviction, Hall was classified as an armed career criminal based on five prior Tennessee convictions: two burglaries, two aggravated burglaries, and one third-degree burglary. Thus, Hall's conviction was for a Class A felony. He was sentenced to 188 months' incarceration and 3 years' supervised release. Hall completed his custodial sentence in February 2015, but in 2016, Hall violated the terms of his supervised release. Under 18 U.S.C. § 3583(e)(3), when supervised release for a Class A felony is revoked, the maximum sentence is five years in prison. Accordingly, when the district court revoked Hall's supervised release, it sentenced him to 51 months' imprisonment, followed by one year of supervised release.[1]

In June 2015, four months after Hall was released from custody, the Supreme Court issued its decision in *Johnson*, 135 S. Ct. 2551. Under *Johnson*, Hall arguably no longer qualifies as an armed career criminal based on his prior convictions. Hall, however, did not raise any such argument in his supervised release revocation hearing. Instead, he argues for the first time in this appeal that, under *Johnson*, his 2001 conviction would have been of a Class C felony without this armed career criminal designation. This, he argues, would invalidate his sentence in

---

[1] The court thereafter amended its judgment to reduce the term of supervised release to 9 months.

this case, as when supervised release is revoked for a Class C felony, the sentence cannot exceed more than two years' imprisonment. 18 U.S.C. § 3583(e)(3).

## II.

Where a defendant concedes that he failed to raise an objection to his sentence in the district court, he has forfeited the claim. *See United States v. Mabee*, 765 F.3d 666, 671 (6th Cir. 2014). Hall concedes that he failed to object to his sentence in the district court, but he argues that this court should still reach the merits of his argument under the plain error standard. *See* Fed. R. Crim. P. 51, 52(b); *United States v. Oliver*, 397 F.3d 369, 377–78 (6th Cir. 2005) (reviewing sentencing challenges raised for the first time on appeal for plain error). However, this court is not required to review sentencing errors alleged for the first time on appeal under Federal Rules of Criminal Procedure 52(b). *See United States v. Olano*, 507 U.S. 725, 735 (1993). Rather, "[o]ur authority to remedy a 'plain error' is discretionary." *Oliver*, 397 F.3d at 375. We decline to rule on the merits of Hall's argument and find that it has been forfeited.

## III.

Furthermore, even were we to employ our discretion to consider Hall's argument, our precedent indicates that such a challenge to his original armed career criminal designation may be inappropriate in this proceeding. This circuit has consistently held that a defendant may not "attempt to invalidate his original conviction at a supervised release revocation hearing." *United States v. Lewis*, 498 F.3d 393, 395 (6th Cir. 2007) (quoting *United States v. Meacham*, 65 F. App'x 529, 533 (6th Cir. 2003)); *see also, e.g.*, *United States v. Strickland*, 597 F. App'x 854, 857 (6th Cir. 2015); *United States v. Hallom*, 505 F. App'x 480, 481 (6th Cir. 2012); *United States v. Flanory*, 45 F. App'x 456, 459–60 (6th Cir. 2002).[2] The reasoning behind this rule is

---

[2] Other circuits also bar collateral attacks of an original conviction in a supervised release revocation hearing. *See, e.g.*, *United States v. Miller*, 557 F.3d 910, 913 (8th Cir. 2009); *United States v. Warren*, 335 F.3d 76,

that the appropriate vehicle for collaterally attacking the validity of a federal sentence or conviction is through a motion under 28 U.S.C. § 2255. *See Meacham*, 65 F. App'x at 532. This makes sense, as sentencing after revocation of supervised release is governed by 18 U.S.C. § 3583(e), which directs the court to apply certain 18 U.S.C § 3553(a) factors, and nothing in these factors indicates that the district court should consider the validity of the original conviction when deciding sentencing after revocation of a supervised release. *See* 18 U.S.C § 3553. In fact, the statute excludes consideration of the seriousness of the original crime as a factor. *See Strickland*, 597 F. App'x at 857. This indicates that a revocation hearing is not the appropriate forum to reconsider the original conviction.

Indeed, the Third Circuit found Hall's exact argument here to be an impermissible collateral attack on an original conviction. *See United States v. Jones*, 833 F.3d 341 (3d Cir. 2016). In *Jones*, the defendant also argued that because he no longer qualified as an armed career criminal under *Johnson*, his sentence of 40 months upon the revocation of his supervised release exceeded the two-year statutory maximum. *Id.* at 343. That court concluded that "[e]ven if Jones were correct that his original offense would not include an armed career criminal designation under current law, it would have no effect on his revocation sentence because the District Court is not tasked under Section 3583(e) with reconsidering an offender's status as an armed career criminal." *Id.* at 344. Although *Jones* is not binding on us, it is highly persuasive.

Hall asks this court to draw on a line of cases that, he claims, allow collateral challenges to an original conviction for purely legal issues. The two cases he points to are *United States v. Garcia-Hernandez*, 74 F. App'x 412 (5th Cir. 2003), and *United States v. Justin D.*, 156 F. App'x 936 (9th Cir. 2005). Neither of these cases helps Hall's argument. In *Garcia-Hernandez*,

---

78 (2d Cir. 2003); *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999); *United States v. Almand*, 992 F.2d 316, 317–18 (11th Cir. 1993); *United States v. Simmons*, 812 F.2d 561, 563 (9th Cir. 1987); *United States v. Torrez-Flores*, 624 F.2d 776, 780 (7th Cir. 1980).

that court explicitly declined to address whether the appeal was an impermissible collateral attack on the original conviction. *Garcia-Hernandez*, 74 F. App'x at 414–15 ("declin[ing] to address this question" because Garcia's challenge would fail on the merits). And in *Justin D.*, the court stated that the defendant was "attacking the sufficiency of the underlying information, not just the underlying conviction," which is "a fundamental defect which can be raised at any time." *Justin D.*, 156 F. App'x at 937. We know of no case indicating that an erroneous designation as an armed career criminal is a similar "fundamental defect which can be raised at any time." *See id.* Furthermore, this circuit has not drawn any line allowing certain collateral attacks to an original conviction but not others and drawing such a line could lead to confusion and inefficiency. Accordingly, we hesitate to create an exception to the general rule barring collateral attacks of an original conviction at a supervised release revocation hearing.

This does not mean, however, that Hall is without means to challenge his sentence. Hall could instead file a § 2255 motion to challenge his original conviction. In such a situation, any revocation proceedings could be stayed in order to expedite resolution of the underlying legal issue in the *habeas* proceeding. This would ensure that the defendant is properly sentenced upon revocation of his supervised release. Here, the parties have every reason to efficiently and justly resolve this issue, as Hall's *Johnson* argument may have merit.

IV.

Because Hall raises his sentencing objection for the first time on appeal, we decline to address Hall's claim on the merits. Additionally, case law—from both within and outside this circuit—forbidding collateral review of the original conviction at a supervised release revocation hearing supports our decision to not review Hall's argument here. We therefore affirm the district court's sentence of 51 months.